# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JOSHUA L. CLARK,                     Case No. 1:20-cv-399
    Plaintiff,                            Litkovitz, M.J.

vs.

COMMISSIONER OF                  **ORDER**
SOCIAL SECURITY,
    Defendant.

Plaintiff Joshua L. Clark brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). This matter is before the Court for disposition based on plaintiff's Statement of Errors (Doc. 17) and the Commissioner's response in opposition (Doc. 20).

**I. Procedural Background**

Plaintiff protectively filed his applications for DIB and SSI in August 2016 alleging disability since January 20, 2016, due to a back condition and degenerative disc disease. The applications were denied initially and upon reconsideration. Plaintiff, through counsel, requested and was granted a *de novo* hearing before administrative law judge ("ALJ") Stuart Adkins. Plaintiff and a vocational expert ("VE") appeared and testified at the ALJ hearing on November 19, 2018. On February 21, 2019, the ALJ issued a decision denying plaintiff's DIB and SSI applications. This decision became the final decision of the Commissioner when the Appeals Council denied review on March 18, 2020.

## II. Analysis

### A. Legal Framework for Disability Determinations

To qualify for disability benefits, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A) (DIB), 1382c(a)(3)(A) (SSI). The impairment must render the claimant unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process for disability determinations:

> 1) If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> 2) If the claimant does not have a severe medically determinable physical or mental impairment – *i.e.*, an impairment that significantly limits his or her physical or mental ability to do basic work activities – the claimant is not disabled.
>
> 3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.
>
> 4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.
>
> 5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 404.1520(b)-(g)). The claimant has the burden of proof at the first four

steps of the sequential evaluation process. *Id.; Wilson v. Comm'r of Soc. Sec.,* 378 F.3d 541, 548 (6th Cir. 2004). Once the claimant establishes a prima facie case by showing an inability to perform the relevant previous employment, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful employment and that such employment exists in the national economy. *Rabbers,* 582 F.3d at 652; *Harmon v. Apfel,* 168 F.3d 289, 291 (6th Cir. 1999).

### B. The Administrative Law Judge's Findings

The ALJ applied the sequential evaluation process and made the following findings of fact and conclusions of law:

1. The [plaintiff] meets the insured status requirements of the Social Security Act through December 31, 2022.

2. The [plaintiff] has not engaged in substantial gainful activity since January 20, 2016, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The [plaintiff] has the following severe impairments: Degenerative Disc Disease (DDD) of the Lumbar Spine, Cervical Spine, and Thoracic Spine, with Radiculopathy; Compression Fracture at T-10; Mitral Valve Prolapse; and Obesity (20 CFR 404.1520(c) and 416.920(c)).

4. The [plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the [ALJ] finds that the [plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) subject to the following limitations: (1) would be permitted to alternate between sitting and standing every 45 minutes while at the workstation; (2) occasionally reach overhead bilaterally, climb ramps and stairs, and stoop; (3) never climb ladders, ropes and scaffolds; and (4) frequently balance, kneel, crouch, and crawl.

> 6. The [plaintiff] is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).[1]
>
> 7. The [plaintiff] was born [in] . . . 1974 and was 41 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).
>
> 8. The [plaintiff] has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).
>
> 9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the [plaintiff] is "not disabled," whether or not the [plaintiff] has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering the [plaintiff]'s age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [plaintiff] can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).[2]
>
> 11 The [plaintiff] has not been under a disability, as defined in the Social Security Act, from January 20, 2016, through the date of [the ALJ's] decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 829-39).

**C. Judicial Standard of Review**

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct legal standards. *See Blakley v.*

---

[1] The ALJ found that plaintiff had performed past relevant work as a painter, a skilled medium exertion job which plaintiff performed at the heavy level of exertion, and an aircraft parts sub-assembler, a skilled medium exertion job. (Tr. 837).

[2] The ALJ found that plaintiff could perform the requirements of representative unskilled occupations such as small parts assembler (430,000 jobs in the national economy), inspector/hand packager (74,000 jobs in the national economy), and mail sorter (27,000 jobs in the national economy).

*Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance. . . ." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In deciding whether the Commissioner's findings are supported by substantial evidence, the Court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

The Court must also determine whether the ALJ applied the correct legal standards in the disability determination. Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers,* 582 F.3d at 651 (quoting *Bowen,* 478 F.3d at 746). *See also Wilson*, 378 F.3d at 545-46 (reversal required even though ALJ's decision was otherwise supported by substantial evidence where ALJ failed to give good reasons for not giving weight to treating physician's opinion, thereby violating the agency's own regulations).

### D.  Specific Errors

On appeal, plaintiff alleges as his only assignment of error that the ALJ "failed to fully consider essential vocational expert testimony when holding [plaintiff had] a residual functional capacity to perform light exertional work." (Doc. 17 at PAGEID 918). Plaintiff contends that

5

the ALJ erroneously relied on VE testimony provided in response to an ALJ hypothetical that did not accurately portray plaintiff's physical impairments. Plaintiff specifically contends the ALJ relied on a hypothetical to the VE that did not accurately convey plaintiff's functional limitations because it omitted restrictions that would allow the hypothetical individual to be off-task 15 percent of the workday and miss at least three days of work per month, both of which the VE testified would preclude all competitive employment. (*Id*. at PAGEID 7-11; *see* Tr. 45-46). Plaintiff argues that these limitations are supported by the record. Plaintiff claims that due to "the challenges and limitations that stem from his conditions, it is markedly doubtful to assume that [he] will be able to attain the functionality required to complete a full day of work, regardless [of] the level of exertion." (*Id*. at PAGEID 922). Plaintiff argues that because the ALJ relied on VE testimony that does not fully account for plaintiff's limitations, the ALJ's disability finding is not supported.

      The VE testified at the ALJ hearing about the jobs that a hypothetical individual with the following limitations could do: lift and/or carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk and sit for about six hours each in an eight-hour workday; never climb ladders, ropes, and scaffolds; occasionally climb ramps and stairs and stoop; and frequently balance, kneel, crouch, and crawl. (Tr. 43). The VE testified that an individual with these limitations could perform three representative jobs at the light exertional level, such as small parts assembler, laundry worker, and inspector/hand packager. (Tr. 43-44). When the ALJ added restrictions limiting the hypothetical individual to occasional overhead reaching bilaterally and the need to alternate sitting/standing every 45 minutes, the VE testified that the job of

laundry worker would be eliminated but an additional light unskilled job that could be performed with those restrictions was mail clerk, with 27,000 such jobs in the national economy. (Tr. 44-45). When the ALJ added restrictions of lift/carry less than ten pounds frequently and stand and/or walk for about two hours, the VE testified that the hypothetical individual could perform sedentary unskilled jobs in the national economy and gave as examples of such jobs food order clerk, polish machine operator, and sorting machine operator, which totaled 95,000 jobs in the national economy. (Tr. 45). Finally, when the ALJ added that the hypothetical individual would be off-task 15% of the workday and absent from the workplace three days per month, the VE testified that either one of these additional restrictions would preclude the hypothetical individual from performing all work in the national economy. (Tr. 44-46).

The ALJ found plaintiff had the RFC for light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) with the additional limitations that: (1) he could alternate between sitting and standing every 45 minutes at the workstation; (2) he could occasionally reach overhead bilaterally, climb ramps/stairs, and stoop; (3) he could never climb ladders/ropes/scaffolds; and (4) he could frequently balance, kneel, crouch, and crawl. (Tr. 832-33). The ALJ did not incorporate into the RFC any restrictions that would account for the need to be off-task for a percentage of the workday or to miss a certain number of days of work per month. (*Id*.). The ALJ relied on the VE's testimony that a hypothetical individual with plaintiff's RFC (as formulated by the ALJ) could perform light unskilled jobs that existed in significant numbers in the national economy, such as small parts assembler (430,000 jobs in the

national economy), inspector/hand packager (74,000 jobs in the national economy), and mail sorter (27,000 jobs in the national economy). (Tr. 838-39).

Plaintiff has not shown that the ALJ erred by relying on VE testimony that did not accurately portray plaintiff's functional limitations. Once the ALJ finds that a claimant is unable to perform his past relevant work, the burden shifts to the ALJ to show that the claimant is able to perform other substantial gainful activity that exists in the national economy. *Pasco v. Commr. of Soc. Sec.*, 137 F. App'x 828, 845 (6th Cir. 2005) (citing *Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987)). The ALJ's reliance on the testimony of a VE in response to a hypothetical question may serve as substantial evidence that the claimant has the ability to perform specific jobs, but only if the hypothetical question accurately portrays the claimant's physical and mental impairments. *Id*. (citing *Varley,* 820 F.2d at 779). *See also Thomas v. Comm'r of Soc. Sec.*, 550 F. App'x 289, 290 (6th Cir. 2014) (quoting *Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001)). In posing a hypothetical question to the VE, the ALJ is not required to incorporate those limitations the ALJ reasonably finds are not supported by the medical and other evidence. *See Griffeth v. Comm'r of Soc. Sec.,* 217 F. App'x 425, 429 (6th Cir. 2007). However, the ALJ errs if he relies on VE testimony given in response to a hypothetical question that omits restrictions the ALJ improperly found were not supported by the evidence. *See White v. Comm'r of Soc. Sec.,* 312 F. App'x 779, 789-90 (6th Cir. 2009).

Plaintiff argues that the VE's testimony does not constitute substantial evidence in this case because the testimony the ALJ relied on did not incorporate restrictions assessed by plaintiff's treating physician, Dr. Max Berdichevsky, M.D.; the ALJ erroneously considered the

8

opinions of the non-examining state agency physicians, who were unable to evaluate plaintiff's subjective pain; and the ALJ failed to fully credit plaintiff's subjective complaints, which are consistent with the medical evidence documenting various restrictions that allegedly result from his impairments. (*Id*. at PAGEID 919-22). Plaintiff does not allege that his treating physician or any other medical source assessed restrictions related to being off-task a percentage of the workday or missing a specified number of days from work. Instead, plaintiff argues that the treating physician's medical opinion supports the inclusion of these specific restrictions. Plaintiff argues that Dr. Berdichevsky's opinion "detecting extreme loss of function in both of his upper extremities, as well as his inability to stand and/or walk for 6-8 hours daily on a long-term basis makes it likely to presume that [plaintiff] will partake in off-task behavior and/or require additional absences." (*Id*. at PAGEID 922).

Plaintiff has not shown that the ALJ erred by relying on VE testimony that failed to incorporate restrictions that were assessed by plaintiff's treating physician, Dr. Berdichevsky, or that were supported by Dr. Berdichevsky's medical opinions. Dr. Berdichevsky completed a "Major Dysfunction of Joints Treating Physician Data Sheet" at the request of plaintiff's counsel on July 15, 2018. (Tr. 600-12). Dr. Berdichevsky reported that plaintiff's impairments were lumbar radiculopathy and spinal stenosis of the lumbar region. (Tr. 601). He listed plaintiff's medications as Percocet and Keflex. (Tr. 604). Dr. Berdichevsky checked boxes to indicate plaintiff's functional restrictions, and he wrote that plaintiff's pain prevented him from walking one mile in response to a question asking how long plaintiff could stand/walk with normal breaks in a 6-8 hour work day. (Tr. 606). Dr. Berdichevsky also wrote a letter dated July 23, 2018,

stating that plaintiff would "not be able to return to school/work until further notice" due to medical reasons. (Tr. 735). In neither the assessment nor the letter did Dr. Berdichevsky indicate that plaintiff would be off-task a percentage of the work day or that he would miss a certain number of days from work.

Nor did Dr. Berdichevsky assess any other restrictions that the ALJ was bound to include in plaintiff's RFC and incorporate into his hypotheticals to the VE. Dr. Berdichevsky did not assess any functional limitations in his July 2018 letter opinion. Further, the ALJ properly rejected the cursory letter opinion on the ground the ultimate conclusion as to whether an individual satisfies the statutory definition of "disability" is an issue that is reserved to the Commissioner. (Tr. 835, citing 20 C.F.R. §§ 404.1527(d), 416.927(d)).

In addition, the ALJ was not required to incorporate any additional functional limitations into the RFC and hypotheticals to the VE based on Dr. Berdichevsky's July 5, 2018 assessment. The ALJ found that Dr. Berdichevsky's assessment of plaintiff's functional capacity was not entitled to "controlling" or even deferential weight, and he instead gave Dr. Berdichevsky's opinion "partial" weight. (Tr. 835). Plaintiff has not shown that the ALJ erred in evaluating Dr. Berdichevsky's opinion. Under the treating physician rule, an ALJ must give a treating source's medical opinion controlling weight if it is (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques," and (2) "not inconsistent with the other substantial evidence in [the] case record[.]" 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *see also Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). If a treating source's medical opinion is not entitled to controlling weight, the ALJ must apply the following factors in determining

what weight to give the opinion: the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source. *Wilson*, 378 F.3d at 544. *See also Blakley*, 581 F.3d at 408 ("Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927.") (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *4)[3]. The ALJ must "give good reasons in [the] notice of determination or decision for the weight [given to the claimant's] treating source's medical opinion." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2).

The ALJ recognized the treating relationship between Dr. Berdichevsky and plaintiff and found that Dr. Berdichevsky's assessment was inconsistent with his treatment notes and other treatment records. (*Id.*). The ALJ specifically determined that treatment notes and physical therapy records were inconsistent with restrictions Dr. Berdichevsky checked on the assessment form indicating that plaintiff was unable to stand/walk 6-8 hours daily on a long-term basis; he could occasionally lift/carry 10 pounds; and he could never squat, kneel, crawl, or crouch. (*Id.*). Plaintiff has not pointed to any evidence to show that the ALJ's evaluation of Dr. Berdichevsky's opinion did not comply with the treating physician rule or to show that the ALJ was otherwise bound to credit additional restrictions that Dr. Berdichevsky assessed. Plaintiff has failed to

---

[3] Effective March 27, 2017, SSR 96-2p was rescinded when the Social Security Administration published final rules that revised the rules and regulations applicable to the evaluation of medical evidence for claims filed on or after that date. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 FR 5844-01, 2017 WL 168819, at *5844-45, 5869, 5880. *Shields v. Comm'r of Soc. Sec.*, 732 F. App'x 430, 437 n.9 (6th Cir. 2018). Since plaintiff's claim was filed prior to March 27, 2017, SSR 96-2p applies to this case.

show that the ALJ's step five finding is not substantially supported because the ALJ erroneously relied on VE testimony that failed to account for restrictions assessed by Dr. Berdichevsky.

Nor has plaintiff shown that in formulating the hypothetical questions to the VE, the ALJ erred by relying on the assessments of the state agency reviewing physicians. The ALJ gave "partial weight" to the opinions of the non-examining physicians, who opined that plaintiff could perform "light work" with some postural restrictions. (*See* Tr. 833). The ALJ found that additional postural limitations should be included in the RFC to account for plaintiff's upper extremity radiculopathy symptoms, though the severity of the symptoms was decreasing, and his obesity. (*Id.*). Plaintiff has not pointed to any evidence that shows the ALJ's decision to give partial weight to these assessments was error. Plaintiff alleges only that because pain is a subjective symptom that he experiences daily as a result of multiple spinal disorders, and because it "is apparent" that he is "extremely limited in terms of his functionality," the ALJ erred by taking into consideration the opinions of the non-examining state agency physicians, who never observed plaintiff and were therefore unable to "evaluate the amount of pain that stemmed from his spinal impairments." (*Id.* at PAGEID 922). But the ALJ was not obligated to reject the state agency physicians' opinions on the sole ground that they did not examine plaintiff. The regulations recognize that state agency physicians, including those who provide assessments based only on their review of the medical records, are "highly qualified and experts in Social Security disability evaluation" whose opinions the ALJ must consider in accordance with the regulations. *See Molebash v. Berryhill*, No. 2:16-cv-869, 2017 WL 3473816, at *4 (S.D. Ohio Aug. 14, 2017), *report and recommendation adopted sub nom. Molebash v. Commr. of Soc. Sec.*,

2017 WL 3769353 (S.D. Ohio Aug. 29, 2017) *see also* 20 C.F.R. §§ 404.1513a, 416.913a. Plaintiff has not alleged that the ALJ erred by giving partial weight to the non-examining physicians' opinions on any other ground. Thus, plaintiff has failed to show that the ALJ's step five finding is not substantially supported because the ALJ erroneously relied, in part, on the assessments of non-examining state agency physicians.

Plaintiff has not pointed to any other medical opinion evidence or specific medical records that show the ALJ relied on VE testimony that failed to accurately account for plaintiff's impairments. Plaintiff generally relies on his own testimony, which he alleges is corroborated by the record as a whole. Plaintiff alleges "it is apparent that [he] suffers from immense pain on a daily basis" which seriously limits his activities of daily living. (Doc. 17 at PAGEID 914). Plaintiff claims that his pain and symptoms are clearly "not moderated" as shown by the medical evidence, which documents the medical treatment he has received "over an extended period of time for his back pain and conditions." (*Id*. at PAGEID 920, citing Exhs. 3F, 4F, 7F, 8F, 9F, 11F, and 12F). Plaintiff alleges his testimony at the ALJ hearing that he is unable to do certain activities that "involve fine and gross movements in the upper extremities," i.e., "cast a fishing pole, throw a ball, or even tie his own shoes," is consistent with Dr. Berdichevsky's opinion. (*Id*. at PAGEID 921). Plaintiff also contends that a September 2016 Adult Functional Report he completed is consistent with his testimony and the medical records on file, and the report indicates that he can lift only 2-3 pounds, can walk for approximately 10 minutes, cannot remain stable for long periods of time, had difficulty bathing and dressing himself, is unable to enjoy any hobbies or interests, and must be accompanied by his wife who provides assistance to him.

(*Id*. at PAGEID 920-21, citing Tr. 257-65)   Plaintiff also argues the Adult Functional Report is consistent with his testimony at the ALJ hearing that he is able to lift no more than a gallon of milk, can stand/walk for 40 minutes at a time, and is assisted with most tasks by his wife.  (*Id*. at PAGEID 920).

The ALJ did not err by failing to incorporate further restrictions into the hypothetical he ultimately relied on to account for plaintiff's subjective complaints of pain and other symptoms. Title 20 C.F.R. §§ 404.1529, 416.929 and Social Security Ruling 16-3p, 2016 WL 1119029, *3 (March 16, 2016) describe a two-part process for evaluating an individual's subjective statements about symptoms, including pain.[4]  First, the ALJ must determine whether a claimant has a medically determinable physical or mental impairment that can reasonably be expected to produce the symptoms alleged; second, the ALJ must evaluate the intensity, persistence, and functional limitations of those symptoms by considering objective medical evidence and other evidence, including: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment, other than medication, received for relief of pain or other symptoms; (6) any measures used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms.  *See also* 20 C.F.R. §§ 404.1529(c)(3), 416.929 (c)(3).  The ALJ's assessment of a claimant's subjective complaints and limitations must be

---

[4] SSR 16-3p, 2016 WL 1119029, which "provides guidance about how [the SSA] evaluate[s] statements regarding the intensity, persistence, and limiting effects of symptoms," superseded SSR 96-7p and became applicable to decisions issued on or after March 28, 2016.  *See* SSR 16-3p, 2017 WL 5180304 (October 25, 2017) (clarifying applicable date of SSR 16-3p).

supported by substantial evidence and be based on a consideration of the entire record. *Rogers*, 486 F.3d at 247.

Plaintiff has not shown that the ALJ erred in evaluating his subjective complaints about his symptoms and pain and in relying on VE testimony that failed to account for those symptoms and pain. The ALJ thoroughly reviewed the medical evidence related to plaintiff's physical impairments. (Tr. 829-30, 833-35). The ALJ gave several reasons for why he did not find plaintiff's subjective complaints to be fully supported by and consistent with the medical records. (Tr. 837). The ALJ noted among other reasons that although plaintiff came to the hearing using a cane, "*consistent* cane use is not found in the medical records." (Tr. 837) (emphasis added). Plaintiff challenges this specific finding, noting that documentation about his cane usage appears in the record. (*Id*. at PAGEID 921, citing Tr. 606, 664, 714, 716, and 719). However, the evidence plaintiff cites showing he used a cane on a handful of occasions does not undermine the ALJ's finding that plaintiff did not *consistently* use a cane. Plaintiff has not pointed to any other specific evidence in the record to show the ALJ's evaluation of his subjective complaints was flawed or was not substantially supported. Plaintiff has not shown that the ALJ erred by relying on VE testimony that failed to accurately account for plaintiff's subjective complaints.

The ALJ is vested with the responsibility for assessing a claimant's residual functional capacity based on the relevant medical and other evidence. 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), 404.1545(a)(3), 416.945(a)(3), 404.1546(c), 416.946(c). Here, the ALJ found that plaintiff had the RFC for light work with additional postural restrictions. Plaintiff has not met his burden of demonstrating that the ALJ was required to include additional restrictions in

the RFC to account for plaintiff being off-task 15% of the workday and/or absent from work three days a month. *See Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (the claimant has the burden of proof at the first four steps of the disability determination). Thus, the ALJ reasonably relied on VE testimony which did not incorporate those additional restrictions to satisfy the ALJ's burden at the fifth step of the disability determination. That VE testimony substantially supports the ALJ's finding that plaintiff can perform a significant number of jobs at the light level of exertion based on his RFC for a limited range of light work with postural restrictions. Plaintiff's single assignment of error is overruled.

**IT IS THEREFORE ORDERED THAT:**

The Commissioner's decision is **AFFIRMED** and this case is **CLOSED** on the docket of the Court.

Date: 9/29/2021

Karen L. Litkovitz
Chief United States Magistrate Judge